**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| MICAH TYSON,<br>Plaintiff,<br>-v.-<br>UNITED STATES OF AMERICA,<br>Defendant. | 1:19-cv-00006-CAK<br>**OPINION AND ORDER** |

**MEMORANDUM OPINION AND ORDER**

CHERYL ANN KRAUSE, CIRCUIT JUDGE, SITTING BY DESIGNATION.

Before the Court are the United States's Motion to Dismiss (Dkt. Nos. 20, 21) and Plaintiff Micah Tyson's memorandum in opposition to the Motion (Dkt. No. 48). For the reasons set forth below, the Court will grant the Motion to Dismiss without prejudice.

## I. FACTUAL & PROCEDURAL BACKGROUND

In August 2013, Tyson—then fourteen years old—was injured in an automobile accident on the Melvin Evans Highway in St. Croix, Virgin Islands. Tyson was a passenger in a car driven by Anil Arjune and owned by Ann-Marie Gibbs. While attempting to avoid a pothole, Arjune lost control of the car and collided into the concrete median, causing the car to flip over. According to the complaint Tyson filed in this case (the Complaint), Tyson suffered multiple injuries in the accident, including lacerations and other injuries to his elbows, knees, back, and neck, as well as medical expenses, lost wages, and reduced earning capacity.

In June 2016, almost three years after the accident, Tyson took the initial step toward what eventually gave rise to this appeal. As required by the Federal Tort Claims Act (FTCA) as a precondition to suit, *see* 28 U.S.C. § 2675(a), Tyson submitted an administrative claim to the United States Department of Transportation (DOT) seeking damages for alleged negligent acts or omissions by government employees. Specifically, Tyson advised that he intended to sue the United States, along with the Government of the Virgin Islands, Arjune, and Gibbs; that the highway where the accident occurred "is a federally funded road"; and that the accident resulted in part because "the United States of America and Government of the Virgin Islands . . . failed to provide safe roadways for vehicles to travel . . . [,] maintain their roads[,] and . . . properly repair their roadway." June 1, 2016 Letter at 1-2, Opp'n Mot. Dismiss Ex. 1 (Dkt. No. 48-1). DOT denied that claim in August 2016.[1]

Another two and a half years elapsed before Tyson filed this suit.[2] As relevant here, the Complaint asserts claims of negligence and recklessness[3] under the FTCA, alleging

---

[1] Several months later, in February 2017, Tyson submitted this administrative claim to the Governor and Attorney General of the Virgin Islands and the Acting Attorney General of the United States.

[2] The Complaint initially asserted claims against Defendants Arjune, Gibbs, and the Government of the Virgin Islands, but those parties have since been dismissed with prejudice.

[3] The Court construes Tyson's claim of recklessness as a claim of gross negligence, which, under Virgin Islands law, is "equat[ed]" with recklessness. *Brathwaite v. Xavier*, 2019 V.I. 26, ¶ 30; *see CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008) (stating that the "cause of action in an FTCA claim . . . must come from state tort law"). Any distinction between

that the "United States of America . . . knew, or should have known, of its unsafe roadways for vehicles to travel in the U.S. Virgin Islands" at the time of Tyson's accident. Compl. ¶ 23 (Dkt. No. 1).

## II. DISCUSSION[4]

The United States has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that (1) the Court lacks subject matter jurisdiction over Tyson's FTCA claims because they are untimely, and (2) Tyson has failed to state a claim upon which relief could be granted. The Court addresses these arguments in turn below. For the following reasons, Tyson's claims are indeed untimely, but because the FTCA's statute of limitations is not jurisdictional, the claims will be dismissed under Rule 12(b)(6), not Rule 12(b)(1).

### A. Subject Matter Jurisdiction Under Rule 12(b)(1)

The United States's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is a "facial challenge" because it does "not challenge the validity of any of [Tyson's] factual claims," but rather contends "that the allegations of the Complaint, even accepted as true, are insufficient to establish" jurisdiction because Tyson missed the two-year statute of limitations deadline. *In re Horizon Healthcare Servs. Inc. Data Breach*

---

Tyson's claims is immaterial for purposes of resolving the Government's Motion to Dismiss, so the Court treats them together here.

[4] To the extent the Court has jurisdiction, it arises under the FTCA, 28 U.S.C. § 1346, which provides the mechanism for a plaintiff to bring a state-law negligence claim against the United States. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001).

*Litig.*, 846 F.3d 625, 632-33 (3d Cir. 2017). But that misapprehends the law because the FTCA's statute of limitations is not a jurisdictional requirement. Although the FTCA bars claims that are filed with the agency more than two years after accrual of the claim or filed with the Court more than six months after the agency's denial, *see* 28 U.S.C. § 2401(b); *Sconiers v. United States*, 896 F.3d 595, 599 (3d Cir. 2018), the Supreme Court has declared that bar "nonjurisdictional," *United States v. Wong*, 575 U.S. 402, 420 (2015).

Instead, the FTCA's statute of limitations is "an affirmative defense which the defendant has the burden of establishing" under Federal Rule of Civil Procedure 8(c). *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001). While affirmative defenses should "[t]echnically . . . be pleaded in the answer" under the Federal Rules of Civil Procedure, the Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6) . . . if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Here, the Complaint alleges that Tyson was injured on August 10, 2013 and served on U.S. officials an administrative claim on February 3, 2017. With his opposition to the Motion, Tyson filed an earlier administrative claim that he served on DOT on June 1, 2016, which is still more than two years after the car accident. The Court will therefore consider the Government's statute of limitations argument in resolving its Rule 12(b)(6) motion.[5]

---

[5] Although the Government raised its statute of limitations argument under Rule 12(b)(1), the Court may treat it as having been raised under Rule 12(b)(6). *See Kehr Packages, Inc.*

### B. Failure to State a Claim Under Rule 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Mayer v. Balichick*, 605 F.3d 223, 229 (3d Cir. 2010) (internal quotations and citation omitted). Thus, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint "must contain sufficient factual allegations so as to state a facially plausible claim for relief." *Mayer*, 605 F.3d at 230. As our Court of Appeals has explained, "[a] claim possesses such plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations omitted).

Tyson's claim began to accrue on the date of his accident, August 10, 2013, yet it took him nearly three years to file his administrative claim and well over six months after DOT's denial to file this lawsuit. Thus, there is no question that he failed to "file *both* a claim with the federal agency within two years of the tort *and* a suit within six months of the agency's denial." *Sconiers*, 896 F.3d at 598; *see Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 271 (3d Cir. 2006) ("Normally, a tort claim accrues at the time of injury.").

The only question is whether Tyson's FTCA claim should nevertheless be considered timely based on the doctrine of equitable tolling. *See Wong*, 575 U.S. at 420

---

*v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999).

("[T]he FTCA's time bars are . . . subject to equitable tolling."). It should not. To warrant equitable tolling, Tyson would need to show that he "exercised due diligence in pursuing and preserving [his] claim" and that extraordinary circumstances prevented him from timely filing, such as where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action or the plaintiff has otherwise been blocked from asserting his rights. *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

Tyson, however, provides no explanation for his failure to file his claim timely. *Cf. Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237-38 (3d Cir. 1999) (concluding equitable tolling was warranted where the plaintiff was misled by her attorney about whether he filed her complaint on time); *Santos ex rel. Beato v. United States*, 559 F.3d 189, 202 (3d Cir. 2009) (authorizing equitable tolling after determining the plaintiff "was precluded from discovering" that the alleged tortfeasors were federal employees when "[a]s a practical matter, [the defendants'] federal status, if not covert, was at least oblique"). Nor does Tyson show that he "exercised due diligence in pursuing and preserving [his] claim," *D.J.S.-W.*, 962 F.3d at 750 (quoting *Santos*, 559 F.3d at 197), for instance, by retaining counsel or investigating potential claims before the limitations period elapsed. *Cf. Santos*, 599 F.3d at 198 (concluding the plaintiff diligently pursued her claim because her counsel "requested and reviewed her medical records" and "visited, corresponded with, and performed a public records search on" the defendant medical center).

Tyson also argues that the Virgin Islands' minor tolling statute makes equitable tolling appropriate. While the statute of limitations under Virgin Islands law does not begin

to run on a minor's claim until an individual turns twenty-one, 5 V.I.C. § 36(a), the Third Circuit has previously clarified that "state-law tolling statutes do not apply to the FTCA's statute of limitations period," *Santos*, 559 F.3d at 193. Nor does the mere existence of the Virgin Islands statute, without more, constitute an extraordinary circumstance warranting equitable tolling.[6]

In sum, the United States's Motion to Dismiss will be granted pursuant to Rule 12(b)(6) because Tyson's claim is barred by the FTCA's statute of limitations.[7] His claim against the United States will therefore be dismissed without prejudice.

---

[6] The district court case on which Tyson relies—*Albright v. Keystone Rural Health Center*, 320 F. Supp. 2d 286 (M.D. Pa. 2004)—is not to the contrary. There, the court found equitable tolling warranted based on the "existence" of Pennsylvania's minor tolling statute "coupled with the fact that it was difficult if not impossible to ascertain Defendants' federal status," which "prevent[ed] Plaintiffs from . . . timely filing their claim." *Id.* at 291. No such "extraordinary circumstance" is present here. *Id.*

[7] Notably, the Complaint fails to state a claim in another respect, and one with jurisdictional implications. A district court's jurisdiction to hear tort claims made against the United States arises from "the FTCA itself," not "the general grant of federal-question jurisdiction of 28 U.S.C. § 1331." *CNA*, 535 F.3d at 140. So a court may exercise jurisdiction over an FTCA claim only if that claim meets the FTCA's six jurisdictional requirements, which include that the claim must be made for injury "caused by the negligent or wrongful act or omission of any employee of the Government . . . while acting within the scope of his office or employment." *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)(1)); *see also Brownback v. King*, 592 U.S. 209, 217-18 (2021) ("[A] plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim."). That statutory requirement is akin to *respondeat superior*, *see McSwain v. United States*, 422 F.2d 1086, 1087-88 (3d Cir. 1970), so the Government "is immune from suit when the underlying wrongful action is not alleged to have been undertaken by a specific agency employee," *Altomare v. United States*, No. 24-2583, 2025 WL 553356, at *6 (E.D. Pa. Feb. 18, 2025); *see also D.R.M. v. United States*, No. 25-CV-696, 2026 WL 892506, at *14-15 (D.N.J. Mar. 31, 2026) (explaining that "'systemic' or 'institutional' torts are not

## III. CONCLUSION

For the foregoing reasons, it is hereby:

ORDERED that the Motion to Dismiss (Dkt. No. 20) is GRANTED; and it is further

ORDERED that the claims against the United States are DISMISSED without prejudice.

The Clerk is directed to close this civil action.

SO ORDERED.

Dated: November 18, 2026

CHERYL ANN KRAUSE
United States Circuit Judge

---

cognizable under the FTCA," but concluding that the claim was "not such an institutional tort" because the plaintiff alleged acts by "specific, albeit as-yet unnamed, officials").

Here, Tyson asserts an indeterminate claim for negligence by the "United States of America," Compl. ¶ 23, but he does not plausibly allege that the asserted injury was "caused by the negligent or wrongful act or omission of any employee of the Government . . . while acting within the scope of his office or employment," *Meyer*, 510 U.S. at 477; *see* 28 U.S.C. § 1346(b)(1). Because a blanket claim for negligence by the United States or its agencies is insufficient, any amendment would need to cure that defect, too, to survive a renewed motion to dismiss under Rule 12(b)(1), as well as Rule 12(b)(6).